## STATE *v.* HIAL MATHERS.

*Evidence. Letter from husband to wife admissible against husband.*

1.  Writings offered as evidence will not be excluded because they were improperly obtained.
2.  The respondent wrote a criminatory letter to his wife and intrusted it to his daughter for delivery. It was taken from her pocket and offered in evidence. *Held*, admissible.

Indictment for an assault with intent to commit rape. Trial by jury at the December term, 1890, Bennington county, Taft, J., presiding. Verdict, guilty. The respondent excepted. The case appears in the opinion.

*W. B. Sheldon*, for the respondent.

Husband and wife are excluded from the privillege of testifying for or against each other as a matter of public policy. 1 Phil. Ev. 78; 1 Best Ev. s. 175; *Stein* v. *Bowman*, 13 Pet. 223; *Barker* v. *Dixie*, Cas. temp. Hardw. 264; *Bently* v. *Cook*, 3 Doug. 422. 2 Kent. Com. 179, 180; *Com.* v. *Marsh*, 10 Pick. 57; *Robins* v. *King*, 2 Leigh, 142, 144; *Snyder* v. *Snyder*, 6 Binn. 488; *Corse* v. *Patterson*, 6 Hur. & J. 153; *Barbat* v. *Allen*, 7 Exch. 609.

For the same reason communications between husband and wife are privileged. 1 Greenl. Ev. s. 254; 2 Best Ev., 975, s. 586; *Goodright & Stevens* v. *Moss*, Cowp. 594; *Anderson* v. *Anderson*, 9 Kans. 112 ; 3 Crim. Law Mag. 154-173; 2 Steph.; Nisi Prius, 1758-1763; *Regina* v. *Pamenter*, 12 Cox's Crim. Cas. 177; *Bowman* v. *Patrick*, 32 Fed. Rep. 368; 2 Smith's Lead. Cas. 6. 105; *Hick's Est.* v. *Blanchard*, 60 Vt. 677; *Regina* v.

*Pamenter, supra; Bobo* v. *Bryson,* 21 Ark. 387; *Wilson* v. *Troup,* 7 Johns. 25; *U. S.* v. *Six Lots of Ground,* 1 Woods, 234; *Dreier* v. *Conn. Life Ins. Co.,* 24 Fed. Rep. 670; *People* v. *Atkinson,* 40 Cal. 284; *Commonwealth* v. *Moyer,* 15 Phil. 397; *Hemenway* v. *Smith,* 28 Vt. 707.

*C. H. Mason,* State's Attorney, for the State.

Communications between husband and wife that are overheard by, or fall into the hands of third persons, are not privileged. *State* v. *Center,* 35 Vt. 378; *Commonwealth* v. *Griffin,* 110 Mass. 181.

Nor in this case is it material how the letter was obtained. 1 Greenl. Ev. s. 254.

The opinion of the court was delivered by

ROWELL, J. The prisoner, being in jail on a charge of assault and battery with intent to commit rape, wrote a criminatory letter to his wife, intended for her alone, and gave it unsealed to one of his daughters to hand to her; but before delivery it was taken from that daughter's pocket by another daughter, and produced at the trial by the prosecution and offered in evidence. The prisoner objected to its admission, for that it was a confidential communication and therefore privileged. But it was admitted, to which he excepted.

Conceding, without deciding, that the letter was a privileged communication in the hands of the daughter to whom it was given, and conceding that it would have been a privileged communication in the hands of the wife, yet this was not a reason for excluding it, coming into the possession of the prosecution as it did. When papers are offered in evidence, the court can take no notice of how they were obtained, whether legally or illegally, properly or improperly, nor will it form a collateral issue to try that question. 1 Greenl. Ev. s. 254a; 1 Whart. Ev. s. 586. Thus, in *Jordon* v. *Lewis,* H. 13 Geo. 2, B. R., reported

in note to *Legatt* v. *Tollervey*, 14 East, 302, a copy of an indictment obtained without authority was held not to be inadmissible for that reason ; and *Lee*, C. J., said that the court could not notice the manner in which it was obtained. This case was followed in *Legatt* v. *Tollervey*, and a record of the Quarter Sessions, produced without authority, held admissible notwithstanding. These cases were approved and followed in *Commonwealth* v. *Dana*, 2 Met. 329, 337.

In *Lloyd* v. *Mostyn*, 10 M. & W. 478, the bond in suit was in possession of W., who held it as the representative of a former attorney of the obligors, and was himself the defendant's general attorney, though not his attorney of record in the action, and who had undertaken to produce the bond at the trial if the judge should think he was bound to do so. Before the assizes the bond had been sent by W. to the defendant's attorney in the action, in London, for the purpose of inspection and admission under a judge's order, and the plaintiff's attorney had there taken a correct copy of it. At the trial W. had the bond in court, but objected to produce it on the ground of privilege, and the objection was allowed. The plaintiff then tendered in evidence said copy of the bond.· The defendant objected that the bond having been in the confidential custody of W., a copy so obtained could not be used in evidence ; and *Fisher* v. *Heming*, 1 Phil. Ev. 147, was relied upon as authority. But Baron *Parke* said he had always doubted that case, and Lord *Abinger* said it was impossible to say that the copy was not evidence.'

In *State* v. *Buffington*, 20 Kan: 599 (27 Am. Rep. 193), a letter, written by the defendant to his wife and sent to her by mail, was taken from the post-office by the prosecuting witness and handed to the wife, who read it and handed it back to the witness, who furnished it to the prosecuting officer to be read in evidence. There was no testimony tending to show that when offered in evidence it was in the custody or control of any one except the witness and the prosecuting attorney. Its admission

was objected to on the ground of privilege, but the court held it admissible by reason of the circumstances in which it was produced.

*Exceptions not sustained and judgment on verdict.*