## VIVIAN BARRETT *v.* F. L. FISH.

### May Term, 1899.

Present : TAFT, C. J., TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed August 31, 1899.

*Production of private letters for purposes of public justice*—For the purposes of public justice regularly administered, the production of private letters in other hands than the writer's may always be compelled, unless the letters would tend to criminate the one required to produce them.

*Equity will not enjoin*—When for such purposes their production might be compelled, a court of equity will not restrain their voluntary production for the same purposes.

*The general rule in equity recognized*—Such a case constitutes an exception to the rule that equity will enjoin an unauthorized publication of private letters.

*Seizure of papers*—That a person to whose custody private letters have been confided, commits a breach of trust in delivering them to another, does not make the receiving of them by such other an unlawful search and seizure.

*Possessor a state's attorney*—That the possessor of private letters tending to criminate the writer is a state's attorney, is immaterial upon the question of their publication by production in court.

CHANCERY.   Addison County, June Term. 1898. *Thompson*, Chancellor.   Decree strictly *pro forma* in accordance with the prayer of the bill.   Defendant appealed.

The oratrix brought her bill to enjoin the defendant from the publication, by production in court, of certain letters written

by her and in his possession.  The case was heard upon bill, answer and an agreed statement of facts.  The opinion states the case thus presented so far as it was material to the decision.

*Button & Button* and *H. C. Shurtleff* for the oratrix.

A brief for the oratrix prepared by *Stephen C. Shurtleff*, deceased, was also submitted.

*F. L. Fish*, defendant, *pro se.*

THOMPSON, J.   From the agreed statement of facts, the allegations of the bill of the oratrix, and the admissions in the defendant's answer, it appears that the papers in controversy are unsigned letters, written by the oratrix to one Poland, and by him to her ; that they were in her possession until shortly before August 21, 1897, when she committed them to the custody of one Hyde with directions to burn them , that while they were in his possession, he delivered them to F. A. Howland, August 21, 1897, and subsequently and before the commencement of this suit, Howland delivered them to the defendant who has ever since retained possession of them against the will of the oratrix. The defendant admits that he intends to publish the letters by using them as evidence in the prosecution of a joint information against the oratrix and Poland by which they are charged with committing adultery with each other, which criminal proceeding is now pending in Addison County Court; that the contents of the letters tend to show that there has been undue familiarity and criminal intimacy between the oratrix and Poland ; and that she is privileged from producing the letters on trial unless she should be improved as a witness in her own behalf.

Although counsel for the oratrix have argued the case as if the question of an unlawful search and seizure of her private papers were involved, it is sufficient to say that that question is not involved, as the letters were voluntarily delivered to Howland by the agent of the oratrix.  That such delivery was a flagrant breach of trust by Hyde, cannot make the receiving of the letters by Howland an unlawful search and seizure.

It is not claimed by the defendant that the letters themselves were implements by which the alleged crime was committed. Hence, it is unnecessary to discuss or decide in respect to the right of prosecuting officers to seize, or to retain such instruments, when they come into their possession, for use as evidence on the trial of the person charged with the crime, in the commission of which such instruments were used.

The fact that Howland was the State's Attorney of Washington County, and that the defendant was State's Attorney of Addison County at the time the letters were taken by Howland and by him delivered to the defendant, gave neither of them any right to take and hold the letters against the will of the oratrix. Nor does the fact that the defendant is still such State's Attorney in any way affect the rights of the parties to this suit. He holds them the same as any other person would hold them under like circumstances. As to the defendant, the oratrix is the owner of the letters. It is clear that a court of law will take no notice on trial of a respondent, how letters or other papers offered in evidence, were obtained, for the purpose of determining their admissibility in evidence. *State* v. *Mathers*, 64 Vt. 101; *Jordan* v. *Lewis*, 2 Strange 1122; *Stockfleth* v. *De Tastet*, 4 Camp. 10; *Gindrat* v. *People*, 138 Ill. 103; *State* v. *Atkinson*, 40 S. C. 363; *State* v. *Griswold*, 67 Conn. 290; *Williams* v. *State*, 100 Ga. 511; *Legett* v. *Tollervey*, 14 East 302; 1 Green. Ev. sec. 254a. Consequently the oratrix is remediless at law in the premises, if she is entitled of right not to have the letters published by being read in evidence on her trial for the alleged crime.

A court of equity has jurisdiction to restrain the publication of manuscript writings and the like, against the will of the writer or owner. While there is some conflict among the authorities as to whether that court will restrain the publication of private letters, by a person not authorized to do so by the writer or owner thereof, the view most consonant with reason, justice and sound public policy, is that which holds that a court of equity will pro-

tect the right of property in such letters, by enjoining their unauthorized publication by any person who may attempt or intend such publication. Such protection is based solely on the property of the writer or possessor of such letters therein. 2 Story Eq. Juris. (13th ed.) 948, 949 ; 2 Beach Inj. sec. 902 ; 3 Pom. Eq. Juris. (2nd ed.) sec. 1353 ; *Granard* v. *Dunkin*, 1 Ball & B. 207 ; *Lytton* v. *Dewey*, 54 L. J. Ch. 293 ; *Gee* v. *Pritchard*, 2 Swanston 419 ; *Folsom* v. *Marsh*, 2 Story 100 ; *Woolsey* v. *Judd*, 4 Duer 380 ; *Grigsby* v. *Breckinridge*, 2 Bush 480 ; Hilliard Inj. (2nd ed.) 478 ; note to *Hoyt* v. *Mackenzie*, 49 Am. Dec. 180-184.

One of the exceptions to this rule is that "for the purposes of public justice publicly administered, according to the established institutions of the country," private letters in the hands of a party other then the writer, must always be produced unless such letters would tend to criminate the person required by law to produce them. *Gee* v. *Pritchard*, 2 Swanston 427 ; *Hopkinson* v. *Burghley*, L. R. 2 Ch. App. 447 ; 2.Story Eq. Juris. (6th ed.) sec. 948. In *Hopkinson* v. *Burghley*, *supra*, the writer of private and confidential letters, relevant to the issue, refused his sanction to their production in court, by the person to whom they were written and sent; but the court held that they must be produced "for the furtherance of the ends of justice," although the writer was not a party to the suit. While the letters in question were in the hands of Hyde, the agent of the oratrix, they were not privileged from production in court by him, on the trial of the oratrix and Poland, but if he still held them and declined to voluntarily produce them, he could be compelled by a subpoena *duces tecum*, to produce them in court to be used as evidence at their trial. Assuming that the defendant has no better right to the possession of the letters than Hyde would have, were they still in his possession, yet the defendant could be compelled to produce them on trial, if he were unwilling to do so, were they in his possession when summoned legally to produce them. He is willing to do voluntarily for the futher-

ance of public justice, administered in due course according to law, what he might be compelled to do. No rights of the oratrix have been infringed by an unlawful search and seizure. By her own folly, important evidence against her and Poland was placed in the hands of Hyde, and through his action it has come to the possession of the defendant. It is apparent that the sole purpose of this proceeding is to enable the oratrix to obtain possession of this evidence that she may suppress or destroy it, so that peradventure, the ends of justice may be thwarted. The case falls clearly within the exception stated, and the prayer of the bill cannot be granted.

*Pro forma decree reversed and case remanded with mandate that the bill be dismissed.*