## STATE *v.* FRANK SLAMON

May Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON and START, JJ.

Opinion filed July 20, 1901.

*Constitutional law—Illegal seizure of papers—Declaration of Rights, Art. 11—*An officer while searching the person of the respondent for stolen goods by virtue of a warrant authorizing such search took from the person of the respondent against his will a letter written to the respondent. This was a violation of Article 11 of the Declaration of Rights relating to searches and seizures.

*Constitutional law—Exclusion of evidence obtained by invasion of constitutional right—*A paper taken by an officer from the person of the respondent, in violation of his constitutional right to freedom from unlawful search and seizure, will not be received in evidence against the respondent, if he invokes such constitutional right.

*Cases distinguished—State* v. *Mathers,* 64 Vt. 101, *State* v. *Center,* 35 Vt. 378, and *Barrett* v. *Fish,* 72 Vt. 18, are distinguished.

*Constitutional law—Declaration of Rights, Art. 10—Latitude of respondent's protection from being compelled to give evidence against himself—*The seizure of a person's private papers for use against him in a criminal prosecution is to compel him to give evidence therein against himself. The seizure therefore is prohibited and the papers are rendered inadmissible in evidence by virtue of Article 10 of the Declaration of Rights.

INFORMATION for grand larceny. Trial by jury, Washington County, September Term, 1900, *Watson,* J., presiding. Verdict of guilty. Judgment on verdict and sentence imposed. The respondent excepted.

*Richard A. Hoar,* State's Attorney, for the state.

*Fred B. Thomas* for the respondent.

TAFT, C. J. I. An officer had a search warrant to search the person of the respondent for stolen goods. When engaged in the search he found on the person of the respondent, and took from it, a letter written to the respondent by a person whom the latter improved as a witness, in the impeachment of whom, the letter contained material testimony. Upon trial the state offered the letter in evidence and it was admitted under objection and exception. The exceptions do not state in express terms that the letter was taken from the person of the respondent against his will but we so construe them as it is the only fair inference from the whole record.

The taking of the letter from the person of the respondent was a plain violation of the 11th article of the Declaration of Rights which provides, "that the people have a right to hold themselves, their houses, papers, and possessions free from search or seizure and therefore warrants without oath or affirmation first made, affording sufficient foundation for them and whereby any officer or messenger may be commanded or required to search suspected places or to seize any person or persons, his, her, or their property, not particularly described are contrary to that right, and ought not to be granted." It is needless to discuss this question. We refer to the case of John Wilkes of the North Briton, whose house was searched and his papers indiscriminately seized by virtue of a warrant issued by Lord Halifax, Secretary of State. In an action of trespass Wilkes recovered £1,000 against Wood, one of the

parties who made the search, and £4,000 against Lord Halifax. Also to *Entick* v. *Carrington,* 19 How. St. Tr. 1029, and *Boyd* v. *United States,* 116 U. S. 616. These cases contain the reasoning and conclusions, upon this question, of the greatest courts of the English speaking nations. It may be noted in this case that the letter in question was, "not particularly described" in the warrant and by virtue of the warrant the officer had no right to search for, nor to seize, it. The state's attorney claims that the question of an illegal search is not in issue for that the objection made on trial to the admission of the letter was that it was taken at the time of his arrest from his person and against his will and did not make the objection that it was taken by virtue of a search warrant. The fact appearing that the letter was taken when the officer was engaged in serving the warrant, that the search was made by virtue of the warrant, and that he found the letter when he was making the search, the objection and exception are broad enough to permit the respondent to raise the question of the illegality of the search. *State* v. *Mathers,* 64 Vt. 101, is cited to sustain the claim of the state. That case involved the question of a confidential communication between husband and wife, in the form of a letter which the husband had handed to a third person to give his wife, but from whom it had been taken by one who passed it to the prosecuting officer. The court held the letter properly admitted, conceding that in the hands of the wife it would have been privileged, and said, "when papers are offered in evidence the court can take no notice of how they were obtained, whether legally or illegally, properly or improperly, nor will it form a collateral issue to try that question." In most instances this rule is applicable; it is generally considered immaterial how a paper passes into the possession of the one offering it in evidence, but this rule is subject to another rule which is applicable that when a party invokes the constitutional right

of freedom from unlawful search and seizure, the court will take notice of the question and determine it. *State* v. *Mathers* was properly ruled, for the respondent voluntarily parted with the letter and having done that, it was immaterial how it was obtained by the prosecution. That case was in line with *State* v. *Center,* 35 Vt. 378, in which it was held that testimony was properly admitted that tended to show conversation between husband and wife, which was overheard by the witness, the objection being made that it was privileged for the reason that the conversation was confidential. The case of *Barrett* v. *Fish,* 72 Vt. 18, is cited but the question of an unlawful search and seizure was not in that case, the court referring to the question said, "the question is not involved as the letters were voluntarily delivered to Howland by the agent of the oratrix." Although the court stated the general rule that it would not inquire into the question of how the party offering papers in evidence became possessed of them as enunciated in *State* v. *Mathers, supra,* it is clear that the rule is subject to the limitation herein before stated.

II. We also hold that the letter was inadmissible under article 10, of the Declaration of Rights which provides "That in all prosecutions for criminal offenses no person can be compelled to give evidence against himself," and that this ruling is correct is clearly manifest for the reasons stated in *Boyd* v. *United States* herein before cited. While it may be true that the respondent having improved himself as a witness might be cross-examined in reference to any matter material upon any issue upon the trial, it did not correct the wrong theretofore done him by the seizure of the letter in violation of his constitutional rights. The seizure of a person's private papers to be used in evidence against him is equivalent to compelling him to be a witness against himself and in a prosecution for a crime is within the constitutional prohibition.

One Falgarano was summoned by the state and sworn as a witness but was not called to testify by either side and each party commented upon the failure of the other to call upon him. If it was error to so comment it was equally so for one as for the other. The fault being at first with the respondent's counsel, the judgment should not be reversed because the state's attorney was permitted to use an argument of the. same tenor as that of the respondent. Whether either argument was improper, there is no occasion therefore for us to decide.

*Upon inspection of the record the court are of opinion that there was error in the proceedings and the judgment and sentence of the County Court is reversed and cause remanded for a new trial.*