Argued and submitted April 30, affirmed June 23, 1980

WILSON,
*Respondent,*
*v.*
PIPER AIRCRAFT CORPORATION,
*Appellant.*

(No. 72-4267, CA 15159)

MacDONALD,
*Respondent,*
*v.*
PIPER AIRCRAFT CORPORATION,
*Appellant.*

(No. 72-4281, CA 15160)
(cases consolidated)

613 P2d 104

William B. Crow, Portland, argued the cause for appellant. With him on the briefs were Grant T. Anderson, James N. Westwood, Brian B. Doherty and Miller, Anderson, Nash, Yerke & Wiener, Portland.

Randall L. Dunn, Portland, argued the cause for respondents. With him on the brief were Martin Schedler and Keane, Harper, Pearlman and Copeland, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

This consolidated case involves two competing requests for return of trial exhibits after final judgment in actions for wrongful death from an airplane crash. Pursuant to plaintiffs' discovery motions, the court had ordered certain documents, consisting of blueprints, graphs, drawings, reports and letters, executed, written or compiled by defendant, to be produced for purposes of trial. These were copied at plaintiffs' expense; some were offered by plaintiffs as trial exhibits. Defendant did not seek a protective order with respect to those exhibits.[1] Later the case was settled and a final judgment entered in September, 1978. The exhibits remained in the court files. Plaintiffs then moved for release of their exhibits to one of plaintiffs' attorneys. Defendant objected to release to plaintiffs of any exhibits copied from defendant's files.[2] The trial court ordered all exhibits returned to the party which had offered them. On appeal, defendant assigns as error that ruling as it pertains to exhibits copied from defendant's files.

In reaching its decision, the trial court treated defendant's motion for return to it of the contested exhibits as a motion for a protective order under former ORS 41.618,[3] and it found that the motion, having

---

[1] Defendant had previously sought a protective order in opposition to plaintiffs' notice of deposition and asked that "if and when such depositions are taken, secret processes, developments and research need not be disclosed." That request was not renewed after discovery.

[2] Initially defendant also sought return of any materials in plaintiffs' possession copied from its files, but defendant later limited its request to exhibits in the custody of the court.

[3] Former ORS 41.618 (1977) provided in pertinent part:

"Upon motion by a party, and for good cause shown, the court in which the action, suit or proceeding is pending may make any order which justice requires to protect a party upon whom a request for any type of discovery has been made from annoyance, embarrassment, oppression or undue burden or expense, including one or more of the following;

been made after final judgment, was untimely. That characterization of the motion is erroneous. Defendant's motion, based upon a competing claim of ownership, was simply the counterpart of plaintiffs' motion for return of exhibits. The statutory authority for return of exhibits is ORS 7.120(2):

"The presiding circuit court judge of the judicial district may order the return, removal, substitution or destruction of exhibits offered or received in any case in which final judgment was entered in that judicial district."

The issue is whether the trial court abused its discretion in ordering that exhibits be returned to the party offering them. Abuse of discretion is present in this context if the nature of defendant's ownership interest in the exhibits compels their return to defendant.

The parties agree that the exhibits in question are copies of documents furnished by defendant under compulsory discovery. Plaintiffs' claim to ownership is that they expended over $700 to make the copies; plaintiffs may be said to have title to the physical exhibits themselves, i.e., the paper and ink. Defendant bases its ownership interest on a claim to the contents of the exhibits, that is, to (1) allegedly confidential information and "know-how" contained therein, and (2) the form of such information, on either a common law or federal statutory copyright theory. Defendant alleged but did not actually prove that the documents embody trade secrets or that particular exhibits are original works capable of copyright protection.

That defendant failed to seek a protective order at any time after discovery was made is significant. The extent of measures taken to guard the secrecy of information is a relevant factor in determining

* * * * *

"(f) That a trade secret or other confidential research, development or commercial information not be disclosed or be disclosed only in a designated way;"

whether such information need be protected from public disclosure in litigation. *See United States v. International Business Machines,* 67 F.R.D. 40, 47 (S.D.N.Y. 1975). In federal court, failure to obtain a protective order under a statute virtually identical to that in Oregon[4] has been held to allow parties in litigation to use discovered documents without restriction:

"Generally speaking, when a party obtains documents or information through the discovery process, he can 'use that information in any way which the law permits.' *Leonia Amusement Corp. v. Loew's, Inc.,* 18 F.R.D. 503, 508 (S.D.N.Y. 1955). *Accord Essex Wire Corp. v. Eastern Electric Sales Co.,* 48 F.R.D. 308, 312 (E.D.Pa. 1969). The discovery rules themselves place no limitations on what a party may do with materials obtained in discovery. Under Rule 26(c), Fed.R.Civ.P., the party or person from whom discovery is sought must establish 'good cause' for any restriction on the use of discovery documents. The implication is clear that without a protective order materials obtained in discovery may be used by a party for any purpose, including dissemination to the public." (footnotes deleted) *In Re Halkin,* 598 F2d 176, 188 (DC Cir 1979).

Defendant here is concerned that plaintiffs may make these exhibits available to others for purposes of future litigation against defendant. Absent a protective order, plaintiffs' purpose in requesting the exhibits is not relevant. Moreover, ORS 7.120(2), appears to allow return of exhibits without restrictions as a discretionary matter.

Defendant cites *King v. King,* 25 Wyo 275, 284, 168 P 730 (1917) for the proposition that exhibits should be returned to whomever has a literary property interest in them. In that case, however, the exhibits were the originals of personal letters written by one party and wrongfully obtained by another, who sought to use

---

[4] Former ORS 41.618 (1977), now ORCP 36(C) (1979), is nearly identical to FRCP 26(C).

them in a lodge association proceeding against their author. The exhibits here were copies lawfully obtained and paid for by plaintiffs. This case does not involve the return to plaintiffs of exhibits offered by them which indubitably and exclusively belong to defendant, as might be the case with original documents subpoenaed to satisfy the best evidence rule.

It was not an abuse of discretion for the trial court to order their return to plaintiffs, who had paid for their reproduction and had offered them into evidence.

Affirmed.