401 P.2d 181

**Jay W. JACOBSON et al., Plaintiffs
and Respondents,**

v.

**E. H. BACKMAN et al., Defendants
and Appellants.**

No. 10149.

Supreme Court of Utah.

April 21, 1965.

Aldrich, Bullock & Nelson, Provo, for
defendants and appellants.

H. G. Metos, Salt Lake City, for plaintiffs
and respondents.

CALLISTER, Justice:

Plaintiffs originally commenced an action to compel defendants to deliver to them all the books and records of Wasatch Mines Company, a corporation. Both parties claimed to be the lawful directors of the corporation. During the pendency of this action a special stockholders' meeting was called for the purpose of removing plaintiffs as directors and electing new directors. The lower court held the action in abeyance pending the outcome of this meeting.

The special stockholders' meeting was held March 30, 1964. Of the 750,000 shares outstanding there were 682,316 shares represented. A total of 407,964 shares were voted in favor of removing plaintiffs as directors and 274,352 against. Based upon the results of the vote, defendants filed a petition for an order to show cause why the plaintiffs should not be removed and the defendants declared to be the lawful directors and entitled to the books and records of the corporation. The lower court entered an order in which it dismissed the petition and held the plaintiffs to be the lawful directors. Defendants appeal from this order.

Defendants contend that inasmuch as approximately 55% of the outstanding shares were voted in favor of removing the plain-tiffs, the latter are legally removed by virtue of the following statutory provisions: [1]

"At a meeting called expressly for that purpose, directors may be removed in the manner provided in this section. One or more directors [or] the entire board of directors may be removed, with or without cause, by a vote of the holders of a majority of the shares then entitled to vote at an election of directors." [2] And

"Whenever, with respect to any action to be taken by the shareholders of a corporation, the articles of incorporation require the vote or concurrence of the holders of a greater proportion of the shares, or of any class or series thereof, than required by this act with respect to such action, the provisions of the articles of incorporation shall control". [3]

Plaintiffs rely, as did the lower court, upon the following provision contained in the articles of incorporation:

"Article XI * * * any of the said officers or directors may be removed by a two-thirds vote of the stock represented at any meeting of the stockholders called for that purpose."

We are of the opinion that this provision of the articles is controlling, notwithstanding the statutory provisions quoted above,

---

1. These provisions are contained in the Utah Business Corporation Act, effective January 1, 1962.

2. 16–10–37, U.C.A.1953, as amended.
3. 16–10–136, U.C.A.1953, as amended.

even though they might be subject to defendants' interpretation thereof.

■ Constitutional and statutory provisions that are in existence at the time the articles of incorporation are entered into become a part of the articles.[4] The applicable statute which was in effect at the time of the incorporation of Wasatch Mines provided:

> "A director or other officer may be removed from office as provided in the articles of incorporation or by-laws, or, in case there is no such provision, by a vote of a majority of the outstanding stock entitled to vote. . . .[5]

■■ In Garey v. St. Joe Mining Co.,[6] this court held that the state is unauthorized to alter or amend the corporate charter in such a way as will impair the contractual relations or rights of the shareholders among themselves or between the corporation and its stockholders; that the rights reserved to the legislature to amend is reserved for the benefit of the state and of the public, and that power can only be exercised to the extent the state is interested, and the state cannot reach out and impair the obligations of contracts existing between the corporation and its members or among the incorporators themselves any more than it can impair the obligations of a contract between other individuals. The court explained that a corporate charter is a dual contract—one between the state and the corporation and its stockholders, and the other between the corporation and its stockholders—and under its reserved power the state may alter or amend the former but not the latter.

The defendants having failed to muster the votes required under Article XI of the articles of incorporation relating to the removal of directors, the decision of the lower court is affirmed. Costs to plaintiffs.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

---

4. Keetch v. Cordner, 90 Utah 423, 62 P. 2d 273, 108 A.L.R. 52 (1936); Cowan v. Salt Lake Hardware Co., 118 Utah 300, ·221 P.2d 625 (1950).

5. 18–2–26, U.C.A.1943.
6. 32 Utah 497, 91 P. 369, 12 L.R.A., N.S., 554 (1907).