## UNITED STATES v. BYERS.

## BELL TELEPHONE CO. OF PENNSYLVA-
## NIA v. UNITED STATES.

## EASTERN TELEPHONE & TELEGRAPH
## CO. v. SAME.

## THE CALVACADE.
### No. 19433.

Circuit Court of Appeals, Second Circuit.

July 25, 1944.

Harold M. Kennedy, U. S. Atty., and Haight, Griffin, Deming & Gardner, all of New York City (Edward R. Kraetzer and John C. Moore, both of New York City, of counsel), for the United States, petitioner.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Eugene F. Gilligan, of New York City, of counsel), for Mortimer W. Byers and libellant Bell Telephone Co. of Pennsylvania.

Burlingham, Veeder, Clark & Hupper, of New York City (Chauncey I. Clark and Frederic Conger, both of New York City, of counsel), for Mortimer W. Byers and libellant Eastern Telephone & Telegraph Co.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

AUGUSTUS, N. HAND, Circuit Judge.

The Bell Telephone Company of Pennsylvania and Eastern Telephone and Telegraph Company filed separate libels in admiralty against the United States alleging that the Steamship Cavalcade, owned by the United States, while navigating in the Delaware River, negligently caused her anchor to come in contact with submarine telephone cables belonging to the companies, resulting in damage to the cables and requiring repairs and other expenses on the part of the owners of the cables to the amounts of $30,000 and $40,000 respectively. The respondent, the United States, filed exceptions to the libels on the ground that each failed to state a cause of action within the admiralty and maritime jurisdiction of the United States. Judge Byers, before whom the matters came on to be heard, made orders overruling the exceptions and sustaining the jurisdiction of the admiralty court. Thereupon the government filed a petition in this court praying that a writ of prohibition issue prohibiting Judge Byers from any further exercise of jurisdiction in the above suits and that a writ of mandamus issue requiring him to vacate the orders overruling the exceptions to the jurisdiction and to enter an order in each suit declaring the court to be without jurisdiction thereof.

In our opinion in United States v. Tug John R. Williams and Great Lakes Dredge & Dock Co., 144 F.2d 451, which is filed herewith, we have held the District Court without jurisdiction in admiralty where the United States sued to recover damages from a tug and its owner to a submarine cable belonging to the government and connecting Fort Hamilton, New York, and Fort Wadsworth, Staten Island. The cable was in-

stalled for the army in order to furnish telephonic communication between the two forts and lay upon the bottom of the bay. In view of the allegations in the libels filed in the suits before Judge Byers it is hard to see how jurisdiction in admiralty can exist if our decision in United States v. Tug John R. Williams and Great Lakes Dredge & Dock Co. is right, and why the libels here will not have to be dismissed. If, because of that decision, jurisdiction in admiralty shall be found not to exist the claims set forth in the pleadings cannot be asserted against the United States in the District Court, since under the Suits in Admiralty Act claims against it can be brought only if there would have been jurisdiction in admiralty had the vessel been privately owned or operated. 46 U.S.C.A. § 742.

In spite of the fact that the libellants are likely to fail in the suits before Judge Byers, we think the issues should be left for decision by the District Court and for review in due course on appeal, and not disposed of on applications for writs of prohibition and mandamus.

■ The question of admiralty jurisdiction is a close one and there have been great differences of opinion in regard to it among the judges of the District Courts as our decision in United States v. Tug John R. Williams and Great Lakes Dredge & Dock Co. points out. We can hardly know what shape these suits or the proofs which may be offered will take until more has been done than file separate libels and interpose exceptions to the formal pleadings. Moreover, it is possible that before the suits can be disposed of in the District Court our decision in United States v. The Tug John R. Williams and Great Lakes Dredge & Dock Co. may be reversed by the Supreme Court. While the issue of the writs prayed for is within our discretion, Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 27, 63 S.Ct. 938, 87 L.Ed. 1185, it is evident from the latter decision that they should be granted sparingly and with reluctance.

■ The government relies on Ex parte Republic of Peru, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014. There a vessel owned by the Republic of Peru was unlawfully libelled when its immunity from seizure had been recognized by the State Department. The situation was of such public importance and international significance that the Supreme Court necessarily held that a petition for a writ of prohibition ought to be entertained. The considerations involved were very different from those in the case at bar where nothing more than governmental convenience is presented as an excuse for applying for the writs in order to cut short a few ordinary law suits in which the issues may be determined. If our decision in the other litigation we have referred to should be reversed by the Supreme Court not even convenience would be obtained.

Petitions denied.