In the Matter of the Application for a Writ of Mandate by ELIZABETH H. MULFORD, Against J. W. DAVEY, County Clerk of Humboldt County, Et Al.

No. 3507

November 4, 1947.                    186 P.2d 360.

*Lunsford & Goldwater* and *Richard W. Blakey,* all of Reno, for Petitioner.

*Kearney & Adams,* of Reno, for Respondents.

## OPINION

By the Court, EATHER, C. J.:

This is an original proceeding in this court by petitioner, Elizabeth H. Mulford, for a writ of mandate against J. W. Davey, county clerk of Humboldt County, and ex officio clerk of the Sixth judicial district court in and for said county, to compel the clerk to unseal the records in a certain divorce action filed and tried in that court so that petitioner or her attorneys may inspect the records and secure a copy thereof. Originally the petition also sought a writ of mandate requiring the judge of the aforesaid court to afford petitioner the same relief. This court issued its alternative writ of mandate pursuant to the prayer of the verified petition. At the outset of the hearing before the court on the petition and return, the petitioner's motion to dismiss against the aforesaid district judge was granted.

The facts as they appear from the petition and admitted by the return are as follows:

On May 22, 1946, Louis K. Mulford commenced an action for divorce against Elizabeth H. Mulford, his wife, in the Sixth judicial district court in and for the county of Humboldt. On July 2, 1946, the default of the defendant wife was entered, and on the same day a judgment of divorce was granted to the plaintiff in the action. At the close of the proceedings the trial judge apparently made an order that the testimony be transcribed, filed, and sealed. Petitioner thereafter made a written demand on the clerk that he open the sealed transcript of testimony in the action for her inspection or for the inspection of her attorneys whom she named in her demand as Lunsford & Goldwater, of Reno, James B. Callahan, of Winnemucca, and William Ellis Lady, of Los Angeles, California. She further requested, at her expense, an exemplified copy of the transcript of testimony for her use in an action which she stated was pending in California. On August 23, 1947, the clerk

advised petitioner that he had no right or authority to allow an inspection of the transcript which had been sealed by an order of the trial court. He further advised petitioner that the unsealed portions of the record in the case did not disclose a written request that the transcript of the testimony be sealed.

At common law every person was entitled to an inspection of public records, by himself or agent, provided he had an interest in the matters to which such records related. State v. Grimes, 29 Nev. 50, at page 73, 84 P. 1061, 5 L.R.A.,N.S., 545, 124 Am.St.Rep. 883; State v. McGrath, 104 Mont. 490, 67 P.2d 838; 45 Amer.Jur. 430, sec. 21. That common law right was enlarged by our legislature. Section 5620, N.C.L.1929, Statutes 1911, at page 290, provides:

"All books and records of the state and county officers of this state shall be open at all times during office hours to inspection by any person, and the same may be fully copied or an abstract or memoranda prepared therefrom, and any copies, abstracts or memoranda taken therefrom may be utilized to supply the general public with copies, abstracts or memoranda of said records or in any other way in which the same may be used to the advantage of the owner thereof or of the general public."

The right of any person to inspect the records in actions for divorce was later specially limited by an act of the legislature, sec. 9467.03, N.C.L. 1931–1941 Supp. Stats. 1931, at page 412, which reads as follows:

"In any action for divorce, the papers and pleadings which constitute or will make up the judgment roll in the action shall be open to public inspection in the clerk's office. All other papers, records, proceedings and evidence, including exhibits and transcript of the testimony shall, upon the written request of either party to the action, filed with the clerk, be sealed and shall not be open to inspection except to the parties or their attorneys, or when required as evidence in another action or proceeding."

Petitioner contends that she meets the requirements of all three of the exceptions of section 9467.03. We shall examine those exceptions as applicable to this case in the order in which they are found in the statute.

■■■ Respondent asserts that petitioner here failed to identify herself satisfactorily as the Elizabeth H. Mulford who is the defendant named in the divorce action. We are constrained to agree that under this statute a reasonable identification of a party should be required. Although, as will later appear, we are not required to decide that question, we are satisfied from the record before us that petitioner is the same person as the defendant in the divorce action in the district court. Respondent's further contention that a defendant whose default has been entered, and who has made no appearance, is not a party, is untenable. 47 C.J. 15, sec. 4; 39 Amer.Jur. 851, sec. 4.

■■■ The second exception preserves the right of inspection to attorneys for parties. Respondent argues that the legislative intent to be found from reading the whole statute is that the word "attorney" is to be construed to mean "attorneys of record." Holding as we do that the word "parties" as used in the statute means parties named in the action, it follows that the word "attorneys" as there used is not limited to attorneys of record. Respondent further urges that the statute authorizing the sealing of the record would become a mere sham if the clerk was obliged to take it for granted that every attorney making application for inspection had the proper authority. Certainly the solemn representations of attorneys admitted to practice before all of the courts of this state, and who are not only officers of the court but also are bound to observe the highest standards of professional conduct, may be relied upon by the clerks of the district courts in matters of this kind. This court has no fear that the purpose and object of the statute will be circumvented by misrepresentations on the part of members of the bar. Here, petitioner requested the right of inspection for three

attorneys admitted to practice in Nevada, and their identity and office have at no time during this controversy been in dispute. In view of the foregoing, we are not required to decide the applicability of the third exception found in the statute allowing inspection of sealed records when required as evidence in another action or proceeding. It seems clear that the right of inspection preserved by the statute to parties or their attorneys carried with it the right to obtain certified and exemplified copies thereof.

The statute permitting the sealing of part of the record in divorce cases is in derogation of the common law and, pursuant to familiar principles, must be construed strictly. A strict construction of the statute preserved to parties and their attorneys the broadest rights of inspection consistent with the language of the legislature. In further support of the construction we here adopt, it is incumbent upon this court to avoid any absurd or unjust results unless the statute plainly requires it. For example, in divorce actions the courts are from time to time called upon to decide questions of custody of minor children notwithstanding that the defendant is in default. It would be unreasonable to construe the statute as requiring such a defendant to enter a general appearance merely to ascertain the facts upon which the question of custody was decided. There appears to be no reason why a party should be denied access to the record of what has been proved or attempted to be proved against him. Certainly, the adverse party can have no just objection to such inspection. In Nevada Cornell Silver Mines v. Hankins, 51 Nev. 420, at page 432, 279 P. 27, 31, this court quoted with approval the following statement by Lord Campbell:

"Where by the use of clear and unequivocal language, capable only of one construction, anything is enacted by the legislature we must enforce it, although, in our own opinion, it may be absurd or mischievous. But, if the language employed admit of two constructions, and

according to one of them the enactment would be absurd and mischievous, and according to the other it would be reasonable and wholesome, we surely ought to put the latter construction upon it as that which the legislature intended."

The respondent county clerk is also ex officio clerk of the district court of his county, that being a court of record. Nevada Constitution, sec. 32, art. IV. As such ex officio clerk of the court he is the custodian of the records of the district court. Section 9467.03, N.C.L. 1931–1941 Supp., places upon the clerk the duty of sealing "all other papers, records, proceedings and evidence, including exhibits and transcript of the testimony" in actions for divorce "upon the written request of either party to the action" when such request is "filed with the clerk." While we do not have before us a copy of the order of the district court sealing the record, it is the statement of respondent that he sealed the record in this case in response to an order of the district judge. It thus appears that the direction for sealing here was not in the method provided by statute. The sealing by the clerk, whether by order of the court or upon the written request of a party, cannot be effective as against parties or their attorneys, in view of the statute. Upon proper application of a party or his or her attorney it is the ministerial duty of the clerk of the court having custody of any such sealed record to unseal the same.

The only remaining question before us is whether mandamus will lie to compel the clerk to unseal the record upon application of a party or his or her attorney. Mandamus is the proper remedy to compel a clerk of a court to perform an act which the law specially enjoins as a duty resulting from his office. 38 C.J. 621, par. 109; Ex parte Uppercu, 239 U.S. 435, 36 S.Ct. 140, 60 L.Ed. 368; Boylan v. Warren, 39 Kan. 301, 18 P. 174, 7 Am.St.Rep. 551. For a compilation of cases on the propriety of mandamus to enforce the right of inspection, see 60 A.L.R. 1356; also, in Nevada, State ex rel. Drake v. Hobart, 12 Nev. 408. Respondent urges that

petitioner has an adequate remedy at law by application to the district court for modification of the order sealing the record. The petition asserts that to require petitioner to apply to the district court for relief might jeopardize substantial rights which petitioner desires to preserve by refusing to appear generally in the divorce action. Although the assertion is denied on information and belief in respondent's return, we are not disposed to require petitioner to make such a general appearance merely to enjoy her right of inspection of the record in the action for divorce, which right is so clearly preserved to her by the statute. State of Nevada ex rel. Sears v. Wright, 10 Nev. 167, at page 175:

"The mere fact that an action or proceeding will lie, does not necessarily supersede the remedy by mandamus. The relator must not only have a specific, adequate and legal remedy, but it must be one competent to afford relief upon the very subject-matter of his application; and if it be doubtful whether such action or proceeding will afford him a complete remedy, the writ should issue. (Moses on Mandamus, 112; Fremont v. Crippen, 10 Cal. 211, 70 Am.Dec. 711; Etheridge v. Hall, 7 Port., Ala., 47; People ex rel. La Grange v. State Treasurer, 24 Mich. 468, 469.)"

Respondent strongly relied upon King v. King, 25 Wyo. 275, 168 P. 730, wherein the transcript of testimony and certain letters were sealed by the court upon joint application of the parties. The Wyoming court in arriving at its conclusion necessarily held that there was no right in common law to inspect records by a party. As we have said above, that is not the true rule. State v. Grimes, supra; Ex parte Uppercu, supra. Furthermore, Wyoming had no statute similar to section 9467.03, expressly preserving the right of a party or his or her attorney to inspect records which had been sealed.

Accordingly, it is our view that a peremptory writ of mandate should issue. It is so ordered.