J. B. LaGue, Petitioner, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Washoe, Department No. 1 Thereof, Respondent.

No. 3639

February 13, 1951.                    227 P.2d 436.

*Martin J. Scanlan,* of Reno, *C. Lester Zahniser,* of Sparks, for Petitioner.

*Cooke & Cooke,* of Reno, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Petitioner has filed herein his petition for a writ of mandamus to compel the respondent court to assume jurisdiction of action No. 128531 in department No. 1 of said court, and to try the issues of said action. Respondent has demurred to such petition and has filed a response and answer thereto.

It appears that on February 10, 1950, petitioner filed a complaint in respondent court in which petitioner was named as plaintiff and L. T. Brockbank was named as defendant. He alleged the execution of a contract executed by defendant as follows:

"Sparks, Nevada<br>
"May 18th, 1946

"To Mr. J. B. LaGue:

"To Whom it may Concern:

"This is to confirm a previous talk I had with you on the one third interest in the Big Ledge, Big Ledge No. 1 and Big Ledge No. 2 belonging to L. T. Brockbank, Jr. of New Jersey. The price agreed on for this interest is $500.00 Five Hundred Dollars, 250.00 to be paid on receiving deed and balance to be fixed in a satisfactory manner."

That on the same day $50 was paid down and receipted for by the defendant "to apply on the payment of $250.00 due on receiving of the deed to the Big Ledge claims"; that on June 14, 1946 an additional $200 was paid and receipt thereof was acknowledged by the defendant "to apply on the purchase price of $500.00—balance due $250.00." The plaintiff further alleged that it was at all times agreed between the parties that the agreement was fair and reasonable; that on June 14, 1946 the defendant tendered the plaintiff a quitclaim deed purporting to convey the one-third interest in the claims, but as the deed was not acknowledged it was returned for such acknowledgment, and though defendant agreed to have it acknowledged and delivered, he had thereafter failed, neglected and refused to deliver any deed, though the same was frequently demanded; that plaintiff has always been ready, able and willing to complete payment of the purchase price, namely, the $250 balance and deposited the same with the clerk of the court upon the filing of the complaint. He sought specific performance. Upon the filing of the complaint and the issuance of summons plaintiff filed his affidavit for publication of summons, reciting in brief the execution of the contract, the readiness of plaintiff to perform, defendant's refusal, the nonresidence of the defendant and his present residence in Schenectady, New York, etc. Order for publication of summons was made and summons returned, showing personal service on the defendant in New York. Before expiration of time for appearance, defendant served a notice of motion for an order to quash service of summons upon the ground that no cause of action was stated "in that the alleged contract sought to be specifically enforced, on its face is incomplete; that it is too uncertain and indefinite to be susceptible of specific performance, and it does not appear that the contract sought to be specifically enforced is either fair or reasonable to the defendant, nor that the consideration is adequate." The motion to quash was presented

and the court ordered it submitted on briefs, and thereafter granted the motion "on the ground and for the reasons stated in the notice of motion."

No judgment was entered, but petitioner points out that when the respondent court quashed service upon the ground that the complaint did not state a cause of action for specific performance, it effectively disposed of the matter—at least to the extent that the court refused to assume jurisdiction of the case or set the same for trial upon any issues of law or fact. He contends that the case is governed by Floyd v. District Court, 36 Nev. 349, 135 P. 922, 923, 4 A.L.R. 646, in which this court held that although errors committed in the exercise of judicial discretion cannot be made the subject of review, nor can they be corrected by a writ of mandamus, nevertheless, "where a district court erroneously decides that it has no jurisdiction, the writ of mandamus is the proper remedy to compel that tribunal to do that which the law prescribes it should do—assume jurisdiction and proceed with the cause." That case was an appeal from a justice's court, and the district court had granted a motion for an order dismissing the appeal. This court said that the dismissal of a case is a refusal to hear and determine it, and that the party aggrieved might properly invoke mandamus to compel the court to set the case and proceed to its determination.

The granting of the motion to quash in the present case was just as effective as the dismissal of the appeal in the Floyd case. Here, as there, the court divested itself of jurisdiction, which it could not do by an erroneous order "any more than it could assume jurisdiction by arbitrarily saying that it had the right to proceed." The finality of the order, based, as it was, on the failure of the complaint to state a cause for specific performance, is in no doubt, as it is obvious that the complaint was not susceptible of amendment as to the written contract between the parties, the terms thereof, the payments made thereunder and the relief sought.

It is apparent from the grounds stated in the motion to quash, which were the same grounds upon which the court granted the motion, that the main question submitted to the respondent court was whether the complaint stated a cause for specific performance. That question is likewise argued at length with citation of many authorities in respondent's briefs filed in this court. In other words, the sufficiency of the complaint was tested in the district court by means of motion to quash service of summons. It is likewise sought to be tested in this court in support of the validity and propriety of respondent's order quashing service. Respondent has pointed to no statute or rule of court under which the sufficiency of a complaint may be thus tested, and we know of none. As said in State ex rel. Sullivan v. Tazwell, 123 Or. 326, 262 P. 220, 222, in which mandamus was granted requiring the respondent judge to proceed with an action: "We cannot determine in this proceeding the sufficiency of the complaint in that action. If said steamship company [the defendant in the principal suit] wishes to test the sufficiency of the complaint, it should proceed by motion or demurrer. Motion to quash the service is not the proper method to determine the sufficiency of the complaint."

Respondent insists that the act sought to be coerced is the vacating by respondent court of its order quashing service. We need not discuss the authorities cited in support of this contention, as we are satisfied that the act sought to be coerced is the assumption of jurisdiction over the controversy.

Respondent contends that mandamus will not lie because other remedies are open, namely, a motion to the respondent court to vacate the order quashing service and an appeal from such order refusing to vacate the former order. Such an appeal, respondent contends, would be available under our statute permitting appeals

from special orders made after judgment. But there was no judgment, nor would there be one in the event of a denial of a further motion to vacate the order quashing service. Respondent attempts to support the availability of a motion to vacate the order quashing service by citation of authorities rejecting a presumption of an erroneous denial of such motion. But here again respondent misconceives the purpose of the writ sought. It is not the vacating of the order quashing service, but the assumption of jurisdiction to try and dispose of the issues of the case. Respondent says: "Judge McKnight has not refused to proceed with the trial. He has never been requested so to do. He merely decided that the service of summons was void." The effect of respondent's order, as we have pointed out, was to refuse to assume jurisdiction.

Respondent attempts to distinguish Floyd v. District Court, 36 Nev. 349, 135 P. 922, 4 A.L.R. 646, but we think that case clearly controls the question of the petitioner's right to mandamus herein. Petitioner also refers to subsequent cases in this court in which the Floyd case was cited. We do not find, however, that in any of such cases was the validity of the ruling in the Floyd case questioned.

The last 13 pages of respondent's brief are occupied with argument and authority to the effect that the decision of the respondent court was correct "as to incompleteness of contract sued on precluding specific performance." If so, this would be ground for sustaining a demurrer to the complaint. If the plaintiff should then stand on his complaint and permit judgment to be entered against him, that matter could be presented on an appeal from such judgment. The order quashing service is not appealable. N.C.L. 1929, sec. 9385.60.

The peremptory writ is granted with costs, and the cause is hereby remanded to the respondent court for

the purpose of its assuming jurisdiction over the cause and determining such issues of law and fact as may be raised by the pleadings, by the entry of such orders as may be appropriate to permit such issues to be presented and determined.

EATHER and MERRILL, JJ., concur.

### ON PETITION AND SUPPLEMENTAL PETITION FOR REHEARING

March 21, 1951.                                    229 P.2d 162.

*Martin J. Scanlan* and *C. Lester Zahniser,* of Reno, for Petitioner.

*Cooke & Cooke,* of Reno, for Respondent.

*Per Curiam:*

Our original order in this case was for the issuance of a writ of mandamus to compel respondent court to assume jurisdiction after it had erroneously divested itself of jurisdiction by an order quashing service of summons. Respondent has filed a petition for rehearing, and has since filed a supplement and a second supplement thereto. It is now contended that we were in error in reciting: "The order quashing service is not appealable. N.C.L. 1929, sec. 9385.60." In support of such contention respondent cites State ex rel. Fowler v. Moore, 46 Nev. 65, 207 P. 75, 22 A.L.R. 1101; Tiedemann v. Tiedemann, 35 Nev. 259, 129 P. 313; Klepper v. Klepper, 51 Nev. 145, 271 P. 336; and City of Los Angeles v. Eighth Jud. Dist. Court, 58 Nev. 1, 15, 67 P.2d 1019, 1022. The sentence quoted was not necessary to the opinion and decision, and under the cases above cited, is not true in all cases. It is, therefore, ordered stricken from the opinion.

Respondent asserted, in answer to the writ, that the order quashing service was an appealable order as an order after judgment, but we pointed out that there was no judgment. Respondent now contends for the first time, in his supplemental memorandum, that it was appealable as a final order under the Tiedemann and

other cases. This court will not consider a point raised for the first time on motion for rehearing. Gamble v. Silver Peak Mines, 35 Nev. 319, 133 P. 936. A fortiori, it will not consider a point raised for the first time in a supplement to a petition for rehearing. Respondent seeks to avoid this situation by his assertion that such rule does not apply to jurisdictional points. However, while the availability of a remedy by appeal may be taken into consideration in determining the propriety of granting a writ of mandamus, it is not jurisdictional. As in cases involving applications for a writ of prohibition, remedy by appeal is not always speedy or adequate. International Life Underwriters, Inc. v. Second Judicial District Court, 61 Nev. 42, 113 P.2d 616, 115 P.2d 932; Bell v. First Judicial District Court, 28 Nev. 280, 81 P. 875, 1 L.R.A., N.S., 843, 113 Am.St.Rep. 854, 6 Ann.Cas. 982.

The original opinion, modified as above, may stand, and the petition for rehearing is denied.

### ON COSTS

Respondent has filed an objection to a $10 item in petitioner's cost bill. Although the objection is addressed to the court, it is not before us as it has not been heard by the clerk. Rule VI, subd. 3, Rules of the Supreme Court. Respondent has also moved that we modify our former decision allowing petitioner his costs, by disallowing the same, by reason of respondent's official status. This court has on many occasions allowed costs in such cases. It may be reasonable to presume that in most cases they have been paid by the real party in interest and not by the respondent court or the respondent judge. The motion is denied.