L. J. H. SMITH, RECEIVER FOR THOMAS & GUINN, INC., APPELLANT, *v.* E. G. HAMILTON, RESPONDENT.

No. 3763

December 29, 1953.                    265 P.2d 214.

*Toy R. Gregory,* of Las Vegas, for Appellant.

*A. W. Ham & A. W. Ham, Jr.,* of Las Vegas, for Respondent.

## OPINION

By the Court, MERRILL, J.:

This is an action brought by appellant as plaintiff to recover the sum of $1,818.31. The appeal is from summary judgment rendered in favor of defendant. The factual record consists of the pleadings and of affidavits filed in connection with the motion for summary judgment. In this opinion the parties will be designated as plaintiff and defendant.

Since the question before us is as to the propriety of a summary judgment and, thus, whether genuine issues have been created by the pleadings or proof offered (Rule 56 (c) N.R.C.P.) we shall for the purposes of this opinion accept as true the allegations and affirmations favorable to the position of the plaintiff. The facts, then, would appear to be as follows:

Defendant as lessee of certain property executed a

sublease to one Guinn. Subsequently Guinn executed and delivered to defendant his promissory note in the amount of $2,500, as stated in the complaint, "as security for the performance by the said E. Z. Guinn of all of the obligations imposed upon him in said sub-lease." The giving of such security was not required by the terms of the sublease itself but apparently was pursuant to a supplemental agreement the nature of which does not appear from the record beyond the quoted allegation of the complaint.

Subsequently Guinn assigned to Thomas & Guinn, Inc. all of his assets in consideration of the assumption by the corporation of all of his liabilities. Specifically included among the assets so assigned was all Guinn's interest in the sublease from defendant. Such assignment was without the consent of defendant and in that respect was contrary to the provisions of the sublease. The corporation then paid to defendant the sum of $2,000 upon Guinn's promissory note. Subsequently the lease was terminated by defendant who thereupon retook possession of the premises. At the time of termination accrued rental amounted to $181.69.

This action was brought by plaintiff as receiver for Thomas & Guinn, Inc. to recover back from defendant the sum of $2,000 paid upon the note as security for performance less the amount of accrued rental. For the purposes of this action it is conceded by plaintiff that termination of the lease was proper.

Following the filing of an answer, defendant moved for summary judgment. Plaintiff countered with his own motion for summary judgment. Affidavits were introduced by both parties. Plaintiff's motion was denied; defendant's motion was granted and the action dismissed.

Defendant does not claim forfeiture of the security deposit and concedes that he is not entitled to retain the sums so paid beyond compensation for accrued rental and damages. See: 52 C.J.S. 220 (Landlord and Tenant, sec. 473 c.) In support of the decision of the lower court defendant contends that plaintiff has not estab-

lished that he is the one entitled to the return of the deposit. His position is first: that since the assignment of the sublease to the corporation was without his consent and thus contrary to the terms of the sublease, the corporation could acquire no rights by virtue of the assignment; second: that if the right of recovery which plaintiff here asserts be deemed a chose in action apart from rights held under the lease, there was no assignment of such chose in action, the allegations of the complaint referring only to an assignment of the rights under the lease. See: 52 C.J.S. 225 (Landlord and Tenant, sec. 473 e) where it is stated, "An assignment of the lease by the tenant does not of itself pass title to the deposit securing performance or confer on the assignee the assignor's right to recover the deposit, and an assignee of the tenant claiming the deposit must show an assignment of the tenant's rights to such money."

It would appear, however, that while the existence of the deposit relates to the sublease and any right to its recovery is dependent upon termination of the sublease, the right of the corporation to the deposit is not, in this case, dependent upon assignment. It does not appear that at the time of the assignment of the sublease any payment had been made by Guinn upon the note or that there was then any deposit which he might have assigned. All that he had was an obligation to provide such a deposit. From the allegations of the complaint and sworn statements contained in the affidavit of the secretary of the corporation filed by plaintiff on motion for summary judgment, it appears that the corporation in accepting assignment of the lease had also assumed the obligation to provide such deposit and had itself paid the sum of $2,000 as deposit—the very sum it now seeks to recover less accrued rental. Its equitable interest in the deposit, conditioned upon termination of the lease, was, then, based not upon assignment of the sublease, but upon the fact of payment made by the corporation itself pursuant to an obligation which it had itself assumed.

Defendant asserts that not only was the assignment without his consent but also without his knowledge; that if the corporation had assumed the obligation to provide the deposit, such fact also was unknown to him; that he never knowingly dealt with the corporation until termination of the sublease; that in absence of such knowledge or consent there could be no privity of contract upon which a right to the return of the deposit might be based. Plaintiff's right, however, does not depend upon express or actual privity. "No further privity is required than that which results from the having by one person of another's money, which he has no right conscientiously to keep, as in such cases the law implies a promise that he will pay it over." 58 C.J.S. 918, (Money Received, sec. 7 a) See also: 4 Am.Jur. 511 (Assumpsit, sec. 21).

We conclude, therefore, that the lower court was in error in granting summary judgment in favor of defendant and dismissing the action.

By this appeal plaintiff contends further, however. It is asserted that the court erred in denying plaintiff's motion for summary judgment since, it is argued, the record indicates that no genuine issues remain for determination and that plaintiff is entitled to judgment as a matter of law.

An order denying summary judgment, however, is not a final judgment subject to appeal under Rule 72 N.R. C.P. McGrath v. Hunt, Hill & Betts, C.C.A. 2d, 194 F.2d 529; Morgenstern Chemical Co. v. Schering Corp., C.C.A. 3rd, 181 F.2d 160; Jones v. St. Paul Fire & Marine Ins. Co., C.C.A. 5th, 108 F.2d 123; Florian v. U. S., C.C.A. 7th, 114 F.2d 990; Dutton v. Cities Service Defense Corp., C.C.A. 8th, 197 F.2d 458.

Judgment of the lower court is reversed with costs and the matter remanded for further proceedings.

EATHER, C. J., and BADT, J., concur.