STATE OF NEVADA EX REL. SWISCO, INC., A NEVADA CORPORATION, PETITIONER, v. SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, DEPARTMENT NUMBER 3 THEREOF, RESPONDENT.

No. 4670

October 22, 1963

385 P.2d 772

[Rehearing denied November 12, 1963]

*Sinai & Sinai,* of Reno, for Petitioner.

*Boyce, Murphy & McDowell,* of Sioux Falls, South Dakota, on the briefs for Petitioner.

*Vargas, Dillon, Bartlett & Dixon* and *Robert A. Groves,* all of Reno, for Respondent.

## OPINION

By the Court, BADT, C. J.:

This is an original petition filed in this court seeking a writ of mandamus commanding the respondent court to vacate its order dismissing without prejudice, on the ground of forum non conveniens, an action commenced by petitioner, as plaintiff, against Bluhill Nevada, Inc., as defendant, for judgment on a promissory note executed by said defendant. Respondent filed a "Return and Answer" in which it admitted the commencement of said action in respondent court, that said action was brought to obtain judgment on a promissory note alleged to be due, owing, and unpaid; that plaintiff and defendant in said action are both corporations organized and

existing under and by virtue of the laws of the State of Nevada; that both corporations are in good standing and qualified to do business in the State of Nevada; that summons and complaint were duly served upon Bluhill Nevada, Inc., in the State of Nevada; that Bluhill Nevada, Inc., filed in said action a motion to dismiss the same, in substance, upon the ground that the State of Nevada was an inconvenient forum for determining the merits of said action; that said petition was supported by the affidavit of one Richard E. Newman and that counter-affidavits had been filed by one Edgar J. Schoen and Lester M. Eiseman; that said motion to dismiss was submitted to the respondent court upon the affidavits and upon oral and written arguments and points and authorities of counsel; and that on August 12, 1963, respondent court entered its order granting Bluhill's motion to dismiss; and that said exhibits, together with memoranda of points and authorities, constitute the entire record "upon which respondent based its decision to grant said motion to dismiss and to refuse to exercise jurisdiction to determine said pending action"; and that respondent's order dismissing said action is a final order from which an appeal might be taken.

Respondent denied the allegation that there is no plain, speedy, and adequate remedy available to petitioner other than by application for mandamus, and denied, on the ground that it was without knowledge or information sufficient to form a belief, the allegations that Bluhill is "conducting its business at a substantial and consistent loss and greatly prejudicial to the interests of its creditors and that fair cash value of all" of its assets is less than the total of its obligations; and in this respect alleged, on the same ground, that Bluhill Nevada, Inc., is solvent, has been conducting its business at a steady and consistent profit throughout the year 1963 and that its financial condition is now, and throughout the year 1963 has been, steadily improving; and denied that the remedy of appeal is inadequate for the reasons stated in the petition and denies that petitioner's rights will be irreparably injured by further depletion

and diminution of the assets of Bluhill, admits that respondent has jurisdiction of the parties and the subject matter of the pending civil action and has power and authority under the constitution and statutes of Nevada to hear and determine the same; but alleges that respondent has full and complete power and authority, in its sound discretion, to decline to exercise such jurisdiction upon the ground set forth in the motion to dismiss.

As affirmative defenses, respondent asserted (1) that the petition does not state facts to entitle petitioner to a writ of mandamus in failing to show that respondent has neglected or refused to perform any act specifically enjoined on it as a duty resulting from its office; (2) in that it fails to show that respondent excluded petitioner from the use or enjoyment of a private right to which it is entitled; (3) that petitioner has a plain, speedy, and adequate remedy in the course of law by appeal; and (4) that the making and entering of the order of dismissal without prejudice by respondent was a matter wholly within the sound discretion of respondent.

(1) We first dispose of the contention of respondent that the granting of its order of dismissal was in the exercise of its sound discretion and thus is not subject to review by mandamus. It refers to the many holdings of this court that mandamus will lie only when there is a plain, statutory, mandatory provision of law commanding the act to be done. This is simply disposed of by reference to Article 6, section 6 of the state constitution vesting original jurisdiction in the district courts in all cases in equity and, inter alia, in all other cases in which the demand exceeds $300. McCARRAN, J., speaking for the court in Floyd v. District Court, 36 Nev. 349, 354, 135 P. 922, 924, 4 A.L.R. 646, said: "This constitutional grant of jurisdiction is also a prescription that the district court must assume * * * jurisdiction * * *."

But it is further said that the respondent court did assume jurisdiction in entertaining the motion to dismiss and that the respondent so conceded by opposing

the motion to dismiss. Respondent properly responds (1) that it opposed the motion to dismiss on the same grounds as raised here, namely, that respondent could not lawfully refuse to accept jurisdiction and, if it could be claimed that it granted the motion to dismiss in the exercise of its jurisdiction, it was an abuse of such exercise. That petitioner's position thus taken is justified will appear from the discussion that follows.

Respondent's chief attack on the availability of mandamus in the premises, however, is based upon its attempt to reconcile early cases in this court and distinguish later cases which have definitely sustained the remedy in similar situations. It is true that the cases of State ex rel. Treadway v. Wright, 4 Nev. 119, Andrews v. Cook, 28 Nev. 265, 81 P. 303, and Breckenridge v. Lamb, 34 Nev. 275, 118 P. 687, would support respondent's contention, but Floyd v. District Court specifically and expressly overruled these cases. In overruling the earlier Nevada cases the court in Floyd said: "In a case where the district court takes jurisdiction and acts, its acts will not be subject to review by a writ of mandate, but where such tribunal refuses to take jurisdiction at all, when by law it ought to do so, or where having obtained jurisdiction it refuses to proceed in its exercise, mandamus is the proper remedy. Errors committed in the exercise of judicial discretion cannot be made the subject of review, nor can they be corrected by a writ of mandamus, but where a district court erroneously decides that it has no jurisdiction, the writ of mandamus is the proper remedy to compel that tribunal to do that which the law prescribes it should do—assume jursdiction and proceed with the cause. * * * While it may be said that in cases of this character the lower court had jurisdiction to grant or deny a motion to dismiss, nevertheless that court could not refuse to hear a matter upon its merits when it was regularly before it for that purpose, nor could it divest itself of jurisdiction by an erroneous order * * *."

In State ex rel. Howe v. Moran, District Judge, 37

Nev. 404, 142 P. 534, an original proceeding in mandamus, the plaintiff below sued the defendant for a divorce. She counterclaimed for a divorce, relying on his residence for compliance with the statutory requirements for residence. At the time set for trial he abandoned his suit and the trial court refused to let the defendant proceed with her counterclaim and dismissed the action. She filed an original proceeding in this court in mandamus. It was the contention of respondent court that mandamus would not lie. This court said, citing Floyd: "This court, however, has settled that question to the effect that where the district court wrongfully or erroneously divests itself of jurisdiction, or refuses to assume jurisdiction, mandamus is the proper remedy."

In LaGue v. District Court, 68 Nev. 125, 227 P.2d 436, 229 P.2d 162, on motion, the district court quashed service of summons and refused to take jurisdiction of the action. An original proceeding in mandamus was then filed in this court where we said: "The granting of the motion to quash in the present case was just as effective as the dismissal of the appeal in the Floyd case. Here, as there, the court divested itself of jurisdiction" by an erroneous order. On the petition for rehearing this court said: "While the availability of a remedy by appeal may be taken into consideration in determining the propriety of granting a writ of mandamus, it is not jurisdictional." It should also be noted that in State v. Moran, supra, a remedy by appeal existed.

Respondent attempts to distinguish Floyd and LaGue. LaGue followed the reasoning of Floyd and was decided on the authority of the Floyd opinion. Reference is made to the main opinion of McCarran, J., and to the concurring opinion of Norcross, J., in that case, and to the repeated expressions by those two eminent jurists amplifying our quotations from those cases set forth above.[1]

---

[1]For recent cases in other jurisdictions cf. Bank of America National T. & S. Association v. Superior Court, 22 Cal.App.2d 450, 71 P.2d 296; Bosworth v. Superior Court, 143 Cal.App.2d 775, 300 P.2d 155; United States v. Byers, District Judge, 2 Cir., 144 F.2d 455; Larsen v. Switzer, District Judge, 8 Cir., 183 F.2d 850; Federal Savings and Loan v. Reeves, 8 Cir., 148 F.2d 731.

Whatever travail this court and the courts of other jurisdictions have gone through, the law in this state must be considered as settled.

(2) The learned briefs of counsel have traced the history and development of the application of the equitable remedy of forum non conveniens, its adoption in many courts in the United States, its rejection by some courts, and that Nevada is at liberty to accept or reject the doctrine. We find it unnecessary to pass on this question, for, assuming for the sake of argument that this court would in a proper case accept and apply the doctrine, the record will not support its application. The motion to dismiss on the ground of forum non conveniens is supported by the affidavit of the president of the defendant corporation, which states that defendant Bluhill was qualified to do business as a foreign corporation in the State of Colorado; that its manufacturing plant, books, records, and principal activities are all located and conducted in Colorado, and that it has no plant or office facilities other than in Colorado; that all of the directors and officers reside in Colorado; that the note which is the subject of the complaint was executed and delivered to the original payee in the State of Colorado; that all of the acts and transactions complained of in the complaint occurred in Colorado; that the corporation's accountants and those most familiar with the books, records, and financial conditions of Bluhill reside in Colorado; that all of the directors and officers of Swisco, Inc., reside outside of the State of Nevada, and that Swisco is not and never has been engaged in business in Nevada.

As to the allegations respecting the execution of the note, it should be noted that it is dated "as at Chicago, Illinois," and that it is payable at a specific address in Chicago, Illinois, "or such other place as the legal holder thereof may in writing appoint." As a matter of fact, the affidavit of Lester M. Eiseman, president of Swisco, recites that all payments made by Bluhill on account of principal and interest on the note in question, from November 27, 1962, to date of suit, were made by Bluhill

to Swisco in Sioux Falls, South Dakota. The affidavit must be examined in order to determine the precise inconvenience, hardship, vexatiousness, or oppression that would result if defendant were compelled to defend the action within the jurisdiction. We are satisfied that the affidavit is entirely lacking in disclosing the necessary facts. In Mooney v. Denver & R.G.W.R. Co., 118 Utah 300, 221 P.2d 628, an F.E.L.A. case, the facts stated were far more extensive than those stated here, but the court reversed the order of dismissal made upon the ground of forum non conveniens. There it was shown that it might be necessary for the defendant to call 10 witnesses. Here no number of witnesses is given and there, as here, the names, residences, and substance of the testimony of witnesses were not given, nor was there recited the necessity for their presence. It was there claimed that a view of the premises could not be had by the jury unless the trial were held in Colorado but the court pointed out that no such circumstance could arise in the case. It was stated there that it would cost approximately $1,500 for the defendant company to try the case in the forum, but it did not appear how the amount was arrived at, nor how much it would cost if the case were removed. Here, nothing is said factually in this regard. In the case at bar, as to the books and records, nothing is shown with reference to hardship in bringing them to the forum or in supplying copies. What the officers, directors, and accountants would testify to is not indicated, nor is any reason given why their testimony could not be presented in depositions. The statement that the directors and officers of Swisco reside out of the State of Nevada and that it is not engaged in business in the State of Nevada is without material significance. Swisco, Inc., was incorporated within the State of Nevada, is a citizen and resident thereof, and entitled to seek justice in its courts.

In Mooney, supra, the court said:

"Granting discretionary power in the trial court to dismiss the cause for reasons of inconvenience, the power should only be exercised in exceptional circumstances and when an adequate showing has been made

that the interests of justice require a trial in a more convenient forum. The mere fact that another court is more convenient for one party is not sufficient to justify a refusal to act, as any party who is a nonresident or foreign corporation can always show some good reason why a trial of the action is not convenient. The closing of the courts of this state to this plaintiff results in limiting what he considers a substantial right granted unto him. By doing so, the court acts against what plaintiff believes to be his best interests as the cause would not be instituted in this jurisdiction unless he believed he could obtain a more favorable judgment than if he were required to litigate his case in another or different forum; and the defendant would not make the motion unless it believed a less liberal jury could be secured in the other forum as the amount of present day verdicts make the amount of costs fade into insignificance. \* \* \* Only when the factors which establish there is real imposition on our jurisdiction weigh strongly in favor of the defendant should the trial court deny to the plaintiff his choice of forum."

That court also referred to another important factor not disclosed by the affidavit. It said: "Another desirable factor which might be considered by a court in determining whether or not to exercise its discretion and dismiss a case is the condition of the court calendar of the jurisdiction which may subsequently be required to hear the cause. There is a total lack of evidence to establish this factor. We are entirely unadvised as to the condition of the calendar in the federal and state courts of Denver, and, while we cast no reflection on their condition, it might be that the plaintiff in this action would be required to wait an unreasonable length of time before his case would be brought to issue in that jurisdiction. The evidence as to this is readily available and could have been presented to the trial court. It hardly comports with our understanding of convenience to require a litigant to institute his suit in a jurisdiction where it might be many months before he can obtain any redress."

The reasoning of the Utah court is reasonable and convincing, and this court is disposed to a like conclusion.

It is ordered that a peremptory writ issue directing that the respondent court entertain jurisdiction of the cause. The case is hereby remanded for further proceedings in accordance with this opinion.

McNAMEE, J., and WATERS, D. J., concur.

THOMPSON, J., being disqualified, the Governor commissioned Honorable Richard L. Waters, Judge of the First Judicial District Court, to sit in his place.