CHARLES DZACK AND STEVEN DZACK, DBA DZACK MOTOR SALES, PETITIONERS, *v.* THE HONORABLE GEORGE E. MARSHALL, JUDGE OF THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, RESPONDENT.

No. 4746

June 25, 1964                              393 P.2d 610

*Singleton and DeLanoy,* and *Rex A. Jemison,* of Las Vegas, for Petitioners.

*Foley Brothers,* of Las Vegas, for Respondent.

## OPINION

By the Court, McNamee, J.:

This is an original proceeding for a writ of review or in the alternative a writ of mandamus.

It appears from the petition herein that one Darlene Abbey filed in the respondent court an action for damages. She alleges on information and belief in her amended complaint that on January 31, 1960 she was injured as a result of the negligence of Robert A. Jaris in driving an automobile owned by petitioners Dzack, as their agent and with their permission. The amended complaint was not verified.

Petitioners filed their answer to the amended complaint in which they denied that Jaris was their agent and was driving the automobile with their permission. Thereafter they filed a motion for summary judgment based upon the affidavits of petitioners, and upon the

failure of Darlene Abbey to answer petitioners' request for admissions. Darlene Abbey filed no counter affidavit. The trial court denied the motion for summary judgment.

It appears from the affidavits in support of the motion for summary judgment that Robert A. Jaris was not an agent of either of the petitioners, nor did he have their permission to drive the automobile on January 31, 1960.

Darlene Abbey under the demand made to her pursuant to NRCP 36(a) was requested to admit:

"1. That she has no personal knowledge that on January 31, 1960 nor at any time during the month of January, 1960 nor the month of December, 1959, that defendant Robert A. Jaris was an agent or employee of Charles Dzack or Steven Dzack or Charles Dzack and Steven Dzack doing business as Dzack Motor Sales.

"2. That she has no documentary evidence that during the aforesaid period defendant Robert A. Jaris was an agent or employee of Charles Dzack or Steven Dzack or Charles Dzack and Steven Dzack doing business as Dzack Motor Sales.

"3. That she knows of no witness who would testify that during the aforesaid period Robert A. Jaris was an agent or employee of Charles Dzack or Steven Dzack or Charles Dzack and Steven Dzack doing business as Dzack Motor Sales."

By virtue of the failure of Darlene Abbey to respond to the said request for admissions, the matters contained therein are deemed admitted. NRCP 36(a).

It was incumbent upon the respondent court, therefore, to accept such admissions together with the affidavits of petitioners in support of the motion for summary judgment, and to disregard the unverified complaint. Franktown Creek Irrigation Company v. Marlette Lake, 77 Nev. 348, 364 P.2d 1069; NRCP 56(e).

In denying the motion of petitioners for summary judgment, the respondent court forces the petitioners into expensive pre-trial procedures (they have already

been served with a notice for the taking of their depositions in Las Vegas, Nevada, which would require them to come from the State of Illinois), as well as additional attorney fees and expenses incidental to a trial, including additional traveling expenses. Respondent's motion pursuant to NRCP 30(b) for a protective order forbidding the taking of depositions until Darlene Abbey tendered petitioners the necessary travel expenses from Illinois to Las Vegas, Nevada, was denied.

No appeal lies from an order denying a motion for summary judgment. Smith v. Hamilton, 70 Nev. 212, 265 P.2d 214.

We are thus faced with the question whether petitioners are entitled to an extraordinary writ of either certiorari or mandamus. Because we have concluded that they are entitled to relief in these proceedings and that mandamus will furnish the necessary relief, we will consider the propriety of issuing this writ only.

NRS 34.170 provides that the writ of mandamus shall be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. Under this section respondent first contends that mandamus is not available here, because, if a judgment is rendered against petitioners after a trial, they would have the remedy of an appeal therefrom and the action of the trial court in denying the motion for summary judgment could then be reviewed.

The mere fact that other relief may be available does not necessarily preclude the remedy of mandamus. Armstrong v. State Board of Examiners, 78 Nev. 495, 376 P.2d 492.

In Bowler v. Vannoy, 67 Nev. 80, 215 P.2d 248, although petitioners could have sought relief in a replevin action, this court granted them relief by mandamus, because otherwise "expensive and prolonged litigation would probably have resulted."

This first contention of respondent is therefore rejected.

It is next contended that mandamus will not lie to review discretionary acts of the trial court. It is true that we have repeatedly so held. Wilmurth v. District Court, 80 Nev. 337, 393 P.2d 302.

NRS 34.160 however provides that the writ of mandamus may issue to compel the performance of an act which the law especially enjoins as a duty resulting from an office.

NRCP 56(e) provides that affidavits supporting and opposing a motion for summary judgment shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. It further provides as follows: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

We have concluded that where it is shown that the liability of a defendant in a tort action depends entirely upon the doctrine of respondeat superior and the matter of the agency is positively denied under oath and the plaintiff admits having no knowledge of the agency or of any documentary evidence which would tend to show the agency, and no knowledge of any witness who would testify to such agency, under such circumstances NRCP 56(e) makes it the duty of the district court to enter summary judgment in favor of such defendant. Its act therefore in ruling on a motion for summary judgment under these circumstances is not discretionary.

Under NRCP 11 the signature of an attorney to a complaint constitutes a certificate by him that to the best of his knowledge and belief there is good ground

to support the allegations therein contained. The action filed by Darlene Abbey was commenced sometime prior to November 26, 1963.[1] The request for admissions by Darlene Abbey was served January 22, 1964. It is apparent that during the long interval between the filing of the original complaint and January 22, 1964 the knowledge which either she or her attorneys had at the time of the commencement of the action relating to the allegation of agency proved to be unfounded, and that neither she nor her attorneys have been able to discover new evidence relating thereto. In view of the positive denial under oath of such agency and the said admissions the nonexistence thereof must be assumed. Petitioners therefore could not be liable for the alleged negligence of Jaris.

It is ordered that a peremptory writ of mandate issue requiring respondent court to dismiss said action against petitioners.

BADT, C. J., concurring:

Our brother Thompson feels that NRCP 56(e) quoted in part in the prevailing opinion, is deprived of its mandatory character through the use of the clause "if appropriate." The final sentence of the section reads as follows: "If [an adverse party] does not so respond, summary judgment, if appropriate, shall be entered against him." He supports this by two articles from the Harvard Law Review.[1a] There are apparently no cases directly in point upon the view taken either by the prevailing opinion or the dissenting opinion that follows.

The clause "if appropriate" may apply in a myriad of cases. To say that it means, "if the trial court in the exercise of its discretion finds the motion, or the remedy, or the rule, or the statute, or whatnot, appropriate," is to stretch it beyond its clear connotation. The law review

---

[1] It was represented to the court at the oral argument that the original complaint therein was filed approximately three years before the amended complaint.

[1a] We appreciate the persuasive effect of the article written by a reporter to the advisory committee on civil rules.

article relied upon in the dissenting opinion clearly indicates that if the moving party has supported his motion for a summary judgment to the point of showing that the issue is sham, the mandatory language of NRCP 56(e) becomes effective. It also indicates that when only a *plausible* case for the summary judgment appears and when it appears *likely* that more may come out upon a trial, the mandatory effect of the statute is not effective. The article further admits, "When the moving party has freshly demonstrated that his adversary's past assertions are unsupported, the adversary may be concluded if he does nothing more." The situations thus described appear in the present case by reason of the circumstances described in the prevailing opinion. It is seldom that a case closer to a showing that the issue is sham is presented. When such situation presents itself, I see no reason for prolonging the proceedings. Nor do I see any danger that in granting mandamus we are unduly extending the scope of that writ, but shall without doubt be consistent in denying mandamus which seeks to control discretionary action of the trial court.

THOMPSON, J., dissenting:

I dissent.

This is a run-of-the-mill personal injury suit. I find nothing in the nature of the circumstances or the controlling law that justifies the extraordinary relief of mandamus. The majority holds that the district judge was without discretion to deny summary judgment; hence, mandamus is appropriate to force the entry of summary judgment. The opinion appears to rest primarily upon the language of NRCP 56(e), "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

This provision was recently introduced to the federal

practice, (see amendment to F.R.C.P. 56, effective July 1, 1963), to overcome a line of cases in the Third Circuit which permitted the party opposing a motion for summary judgment to rest upon the averments of his pleadings if they were not suppositious, conclusory, or ultimate. Nevada copied the change, effective March 16, 1964. The words used in NRCP 56(e) do not strip the trial judge of discretion to either grant or deny summary judgment. Indeed, the words "if appropriate" compel the conclusion that his discretion is not restricted. A reporter to the Advisory Committee on Civil Rules, in writing about this particular amendment, states, "The current amendment states, consistently with rule 56(f), not that summary judgment is necessarily to be granted when the moving party has made a convincing case and the adversary fails to support his pleading with any proof, but rather that summary judgment may be granted 'if appropriate.'

"Some possible misunderstandings should be dispelled. A party opposing summary judgment need not come forward in any way if the moving party has not supported his motion to the point of showing that the issue is sham. The amendment introduces no change here. Nor does it change the proposition that an issue whose decision turns on credibility of witnesses is fitting for trial, not summary judgment. The amendment does not derogate from the discretion of the trial judge to deny summary judgment, even though the papers make a plausible case for it, when it appears likely that more may come out upon a trial.[1] The amendment merely recognizes what is known of all, that a pleading, though put in with entire good faith, may be based on information which under private investigation or discovery can turn out to be inaccurate. When the moving party has freshly demonstrated that his adversary's past assertions are unsupported, the adversary may be concluded if he does nothing more." Kaplan, Amendments of the Federal Rules of Civil Procedure, 1961–1963 (II), 77

---

[1] In the present case the depositions of the petitioners were pending when the motion for summary judgment was denied.

Harv.L.Rev. 801, 826, 827. His view is shared by Professor Wright who says, "And despite all that may be shown, the court continues to have the power to deny summary judgment as not 'appropriate,' if, in its sound judgment, it believes that for any reason the fair and just course is to proceed to trial rather than to resolve the case on a motion." 69 Harv.L.Rev. 839, 854. I find no expression contra (except the holding in today's case) to those just mentioned. On June 22, 1964, we decided Wilmurth v. District Court, 80 Nev. 337, 393 P.2d 302. We there reiterated the well established law of this state that mandamus will not lie to review discretionary acts of the trial court. The case now before us should be similarly treated. Of course if a trial court, in the exercise of discretion, erroneously divests itself of jurisdiction to proceed with the case, mandamus may be available. Floyd v. District Court, 36 Nev. 349, 135 P. 922; State v. Moran, 37 Nev. 404, 142 P. 534; LaGue v. District Court, 68 Nev. 125, 227 P.2d 436; Swisco, Inc. v. District Court, 79 Nev. 414, 385 P.2d 772. Those cases represent an exception to the general rule reiterated in Wilmurth v. District Court, supra, and do not touch the case before us. Here the trial court, in denying summary judgment, did not divest itself of jurisdiction to proceed with the case. Nor does Thran v. District Court, 79 Nev. 176, 380 P.2d 297 (relied upon by petitioners), have any bearing on the problem before us. In Thran mandamus was used to compel the district court to dismiss an action that was not brought to trial within five years. There NRCP 41 (e) was under scrutiny. The five year dismissal provision is mandatory. The language "if appropriate" contained in NRCP 56 (e), with which we are now concerned, is not to be found in NRCP 41 (e). I respectfully suggest that my brothers have erroneously read 56 (e). As a consequence, the scope of mandamus is enlarged without justification.

Another equally cogent reason exists for refusing mandamus. The instant case (for reasons already expressed) not only fails to meet NRS 34.160 (a writ of mandamus may issue to compel the performance of

354

an act which the law especially enjoins as a duty resulting from office) but, in addition, offers no valid suggestion why there is not a plain, speedy and adequate remedy in the ordinary course of law. NRS 34.170. An order denying summary judgment is not appealable, mainly because it is not a final judgment disposing of the controversy. The parties' rights and duties are not finally decided by such an order. It is interlocutory in nature. The petitioners' contention that they are not liable to the plaintiff in this case may be continually advanced below as the case progresses, at pretrial [NRCP 16]; by motion for involuntary dismissal at the close of the plaintiff's case (NRCP 41(b)); by motion for a directed verdict at the close of the case (NRCP 50(a), if a jury trial); by a motion non obstante veredicto if the verdict is adverse (NRCP 50(b)); by motion for a new trial if the judgment is adverse (NRCP 59); and, finally, by appeal (NRCP 72). In my view these procedures are plain, speedy and adequate. It was never intended that this court, through the device of mandamus, should review a discretionary ruling of a district judge which does not finally dispose of the controversy. Otherwise, an interlocutory order of the kind before us would have been made appealable. I would deny the writ.